JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROBERT JACKSON

**DEFENDANTS**
FIRST CHICAGO INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam S. Barrist, Esq., 215-432-8829
P.O. Box 1820, Media, PA 19063

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS - PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS - Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §1332
Brief description of cause:
Motor vehicle collision in Philadelphia, PA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** In excess of $150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 03/23/2021
SIGNATURE OF ATTORNEY OF RECORD: /s/ ASB3587

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ROBERT JACKSON : | | CIVIL ACTION |
| Plaintiff : | | |
| v. : | | |
| FIRST CHICAGO INSURANCE COMPANY : | | NO. |
| Defendant : | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.              ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                             ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| 03/23/2021 | /s/ Adam S. Barrist, Esq. | ROBERT JACKSON |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-432-8829 | 267-247-3098 | abarrist@barristfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
                                                                            *Attorney-at-Law / Pro Se Plaintiff*                     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                                                                            *Attorney-at-Law / Pro Se Plaintiff*                     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT JACKSON<br>317 N. 52nd Street, Apt. 5<br>Philadelphia, PA 19139 | : : : : | CIVIL ACTION<br><br>No._____ |
| Plaintiff, | : : : | |
| v. | : : : | |
| FIRST CHICAGO INSURANCE COMPANY<br>6640 S. Cicero Avenue<br>Bedford Park, IL 60638 | : : : : : | |
| Defendant. | : : | |

## **COMPLAINT**

Plaintiff, Robert Jackson ("Mr. Jackson" or "Plaintiff"), through his undersigned attorney, brings the following Complaint against the above-captioned Defendant.

## **PARTIES**

1. Plaintiff is an adult individual, citizen, resident and domiciliary of the Commonwealth of Pennsylvania, with a home address of 317 N. 52nd Street, Apt. 5, Philadelphia, PA 19139.

2. Defendant, First Chicago Insurance Company ("First Chicago" or "Defendant"), is, upon information and belief, a corporation, partnership or other business entity with a place of incorporation of, principal place of business and citizenship of 6640 S. Cicero Avenue, Bedford Park, IL 60638.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred pursuant to 28 U.S.C §1332 as Plaintiff is a citizen, resident and domiciliary of the Commonwealth of Pennsylvania and Defendant is a corporation, partnership or other business entity with a place of incorporation, principal place of business of and citizenship of the State of Illinois.

4. There is, therefore, complete diversity between all Plaintiffs and all Defendants.

5. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, fees and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the personal injuries that are the subject of this litigation occurred in Philadelphia, PA, within this District.

## FACTS

7. On July 30, 2020, Mr. Jackson, while a passenger in a commercial van, was severely injured when Christopher Goodman ("Mr. Goodman") negligently struck his vehicle from behind while it was at a complete stop at the intersection of 52nd Street and Baltimore Avenue in Philadelphia, PA.

8. The vehicle in which Mr. Jackson was a passenger was a commercial vehicle being driven by First Chicago insured, Hamilton Enterprises of Philadelphia ("Hamilton").

9. Prior to the institution of this suit, Mr. Goodman's third-party bodily injury insurance policy limits were fully tendered to Mr. Jackson, who was injured as the result of his negligence.

10. Prior to accepting a settlement with Mr. Goodman's insurer in the third-party bodily injury claim, Mr. Jackson sought and obtained from First Chicago permission to do so, so that he could pursue the within claim for Underinsured Motorist ("UIM") benefits under Hamilton's

First Chicago UIM policy. A true and correct copy of the January 28, 2021 letter from First Chicago, approving of the underlying third-party bodily injury settlement, is attached hereto, incorporated herein, and marked as Exhibit "A."

11. Under Pennsylvania law, as a passenger in the Hamilton vehicle that was insured by First Chicago, Mr. Jackson is entitled to UIM benefits under the First Chicago policy.

12. At all relevant times, Mr. Jackson was an intended third-party beneficiary of the First Chicago UIM policy, as he was a commercial passenger in the Hamilton vehicle.

13. Mr. Jackson, a passenger, was not charged nor deemed at fault for his role in the subject collision.

14. Such violent collision caused Mr. Jackson to **a)** sustain the permanent injuries described below, that have caused his body to not heal or function normally with further medical treatment; and **b)** suffer significant financial harm.

15. As the direct and proximate cause of Mr. Goodman's negligence as stated above, Mr. Jackson has suffered severe permanent physical injury and financial loss.

16. The injuries that Mr. Jackson has sustained are permanent in nature. Mr. Jackson has suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of his natural life.

17. As a further result of the above negligent acts committed by Mr. Goodman, Mr. Jackson has incurred and will continue to incur substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

18. In addition, Mr. Jackson has suffered other economic injury and will likely continue to suffer such economic injury.

19. Mr. Goodman operated his vehicle in such a reckless, careless, and/or negligent manner as to have caused the aforesaid collision to occur.

20. Mr. Goodman had a duty to Mr. Jackson to not operate his vehicle in such a reckless, careless, and/or negligent manner.

21. Mr. Goodman breached said duty, as set forth below.

22. As a direct and proximate result of the aforesaid acts, omissions, recklessness, carelessness, and/or negligence on the part of Mr. Goodman, Mr. Jackson suffered severe personal injuries; has been and will be in the future, made to endure great pain and suffering, both physical and mental in nature, has been and will be in the future required to expend great sums of money for medical services; has been and will be in the future prevented from attending to his regular activities, duties and responsibilities; has been and will in the future be made to suffer lost earnings and other pecuniary loss.

23. The aforesaid accident was caused by the negligence, carelessness, and/or recklessness of Mr. Goodman, because he:

    a. Failed to keep his vehicle under control at all relevant times;

    b. Was driving at an excessive speed under the circumstances;

    c. Violated the Assured Clear Distance Ahead Rule;

    d. Disregarded traffic signals and signs;

    e. Failed to keep a proper lookout;

    f. Violently struck Plaintiff's vehicle from behind;

    g. Was driving in distracted fashion;

    h. Caused a violent collision to take place; and

    i. Otherwise failed to exercise due care under the circumstances.

4

24. As the result of the above-referenced accident, Mr. Jackson suffered painful and serious injuries, including, but not limited to:

    a. fractured ribs;

    b. disc herniations from C3 through C5;

    c. disc herniations from L2 through S1;

    d. radiculopathy;

    e. cervicalgia;

    f. nerve damage throughout his body;

    g. strains, sprains, disc bulges and disc herniations throughout his body, the extent of which is presently unknown;

    h. torn ligaments and tendons throughout his body, the extent of which is presently unknown;

    i. head injuries, the extent of which is presently unknown; and

    j. emotional harm, the extent of which is presently unknown.

25. As a result of such accident, Mr. Jackson has incurred medical expenses and will continue to incur said medical expenses for an indefinite time into the future.

26. As a result of such accident, Mr. Jackson suffered grievous pain and suffering and may continue to suffer same for an indefinite time into the future.

27. As a further result of such accident, Mr. Jackson has suffered and will continue to suffer a loss of life's pleasures.

## COUNT ONE – BAD FAITH

28. Plaintiff incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

29. Mr. Jackson, an intended third-party beneficiary of the First Chicago UIM policy, was an

"insured" of First Chicago, within the meaning of 42 Pa.C.S.A. §8371, which statute imposes a duty upon an insurance company to act in good faith in dealing with Mr. Jackson, including but not limited to the handling of his underinsured motorist claim.

30. First Chicago's duty to act in good faith included, without limitation, the obligation to act with reasonable promptness in evaluating and responding to Mr. Jackson's claims and with reasonable fairness.

31. In view of the foregoing, First Chicago acted in bad faith as follows:

   a. Failure to make any offer of settlement after having been presented with full and complete documentary proof of 1) the extent of Mr. Jackson's collision-related injuries; 2) the clear liability on the part of the tortfeasor; and 3) the extent of the tortfeasor's bodily injury insurance limits and that such limits had been tendered;

   b. Failure to make a fair offer of settlement after having been presented with full and complete documentary proof of 1) the extent of Mr. Jackson's collision-related injuries; 2) the clear liability on the part of the tortfeasor (including, but not limited to the tortfeasor having pled guilty to a traffic-related charge in connection with the subject collision); and 3) the extent of the tortfeasor's bodily injury insurance limits and that such limits had been tendered;

   c. Failure to properly investigate Mr. Jackson's claim;

   d. Failure to properly consider evidence supplied by Mr. Jackson and his counsel in support of his claim;

   e. Causing Mr. Jackson to suffer undue hardship as a result of reckless, wanton and arbitrary claims-handling practices;

   f. Willfully neglecting to consider or process evidence in an effort to save from paying Mr. Jackson the benefits to which he was legally entitled;

g. Adopting a company practice of intentionally undervaluing underinsured motorist claims and delaying paying said claims for an unreasonable period of time;

h. Delaying and refusing to pay Mr. Jackson's claim despite having no medical or legal reason not to;

i. Forcing Mr. Jackson to file suit to recover UIM benefits owing to him;

j. Failing to make reasonable and fair offers of settlement of Mr. Jackson's UIM claim;

k. Making representations that were unreasonable in light of the facts and circumstances surrounding Mr. Jackson's claims;

l. Making offers of settlement that were unfair and unreasonable in light of the injuries and losses sustained by Mr. Jackson as a result of the collision;

m. Breaching covenants of good faith and fair dealing;

n. Failing to pay all sums of money owed to Mr. Jackson;

o. Causing Mr. Jackson unnecessary and undue hardships;

p. Engaging in unfair settlement negotiations with their insured / intended third-party beneficiary;

q. Maintaining positions contrary to the policy, facts and evidence; and

r. Committing various violations of the Pennsylvania's Unfair Insurance Practices Act, 40 P.S. §1171.1 et seq. and related regulations including but not limited to The Unfair Claim Settlement Practices Regulations, 31 §146.1 et seq.

32. First Chicago's actions have been in reckless disregard of Mr. Jackson's rights, and have been willful, wanton and outrageous.

**WHEREFORE**, Plaintiff, Robert Jackson, demands judgment against the Defendant, First Chicago, in an amount in excess of $150,000.00, for any and all damages provided under 42

Pa.C.S.A. §8371, including without limitation to, punitive damages, costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

### **COUNT TWO – UNDERINSURED MOTORIST COVERAGE**

33. Plaintiff incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

34. Mr. Jackson is an intended third-party beneficiary of Hamilton's First Chicago UIM policy which provides for UIM coverage. (Despite request, Plaintiff has not been provided with the subject policy or Declarations Page. However, Defendant is in possession of the same is aware/on notice of its contents).

35. First Chicago is and was duly licensed to engage in the Commonwealth of Pennsylvania in the sale, issuance and distribution of policies of automobile insurance providing various forms of coverage to drivers, passengers and owners of automobiles in the Commonwealth of Pennsylvania.

36. First Chicago did issue for consideration, a UIM policy, which provides, pursuant to Pennsylvania law, for UIM coverage, and under said coverage, First Chicago agreed to pay all sums which, *inter alia*, occupants of Hamilton's vehicle would legally be entitled to recover in the event of an underinsured motorist scenario, such as the one that exists in this case. (Despite request, Plaintiff has not been provided with the subject policy or Declarations Page. However, Defendant is in possession of the same is aware/on notice of its contents).

37. First Chicago is, therefore, liable to Mr. Jackson, an occupant of the First Chicago-insured vehicle of Hamilton for his injuries, damages and losses caused by the negligence of Mr. Goodman, who was underinsured at the time of the subject collision.

38. Despite having made a demand under Hamilton's First Chicago UIM policy, First Chicago has refused to properly negotiate a reasonable settlement for the injuries and damages in the

subject collision, pursuant to the aforesaid contract of insurance.

**WHEREFORE**, Plaintiff, Robert Jackson, demands judgment against the Defendant, First Chicago, in an amount in excess of $150,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

### COUNT THREE – BREACH OF CONTRACT

39. Plaintiff incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

40. In accordance with the Hamilton UIM policy issued by First Chicago, Mr. Jackson, an intended third-party beneficiary of that policy, which was entered into for his benefit, for valuable consideration, made a claim for benefits under such policy.

41. Upon information and belief, First Chicago improperly, unjustifiably and unconscionably attempted to deny benefits due and/or failed to timely pay benefits due under the policy pursuant to a bias.

42. First Chicago misrepresented and deliberately under-evaluated Mr. Jackson's UIM claim.

43. First Chicago has refused and failed to pay the reasonable value of Mr. Jackson's UIM claim.

44. First Chicago has wrongfully withheld benefits owed to Mr. Jackson pursuant to the policy.

45. First Chicago did so by knowingly evaluating its financial interests above the interests of its insured.

46. As a further consequence of First Chicago's breach of the Insurance Policy, First Chicago has been unjustifiably enriched to the detriment of Mr. Jackson.

47. As a further consequence of First Chicago's breach of the Insurance Policy, Mr. Jackson has suffered losses, including but not limited to loss of use of benefits payable.

9

48. The actions of First Chicago described in this Complaint represent a breach of contract.

49. As a result of First Chicago's actions as described, they breached their obligation of good faith and fair dealing.

50. Mr. Jackson had been damaged in a sum not yet fully determined, but in any event to be proved at the time of trial.

51. Mr. Jackson is not in possession of the subject contract governing his insurance coverage with First Chicago and is therefore unable to attach it to this Complaint. However, First Chicago is in possession of the same and is on notice of the contractual provisions that Mr. Jackson alleges have been breached.

   **WHEREFORE**, Plaintiff, Robert Jackson, demands judgment against the Defendant, First Chicago, in an amount in excess of $150,000.00, plus punitive damages, costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

THE BARRIST FIRM, LLC

By: /s/ ASB3587
Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiff

Date: March 23, 2021

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT JACKSON<br>317 N. 52nd Street, Apt. 5<br>Philadelphia, PA 19139<br><br>    Plaintiff,<br><br>  v.<br><br>FIRST CHICAGO INSURANCE COMPANY<br>6640 S. Cicero Avenue<br>Bedford Park, IL 60638<br><br>    Defendant. | :<br>:   CIVIL ACTION<br>:<br>:   No._____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### **JURY DEMAND**

  Plaintiff, Robert Jackson, hereby demands a trial by twelve (12) jurors.

              Respectfully submitted,

              **THE BARRIST FIRM, LLC**

              By: /s/ ASB3587
              Adam S. Barrist, Esq.
              THE BARRIST FIRM, LLC
              P.O. Box 1820
              Media, PA 19063

              Attorney for Plaintiff

Date:  March 23, 2021

# EXHIBIT "A"



6640 S. Cicero Avenue
PO Box 389508
Bedford Park, IL 60638
Telephone 708-552-4400 or
888-262-8864
Facsimile 708-552-4499

January 28, 2021

The Barrist Firm
P.O. Box 1820
Media, PA  19063

Re:   Your Client:          Robert Jackson
      Date of Loss:         07/30/2020
      Our Claim Number:     139975
      Our Insured:          Hamilton Enterprises of Philadelphia Inc

Dear Mr. Adam Barrist:

This will serve to acknowledge receipt of your email correspondence dated January 21, 2021. Please be advised that authorization is hereby extended for you to accept State Farm Insurance Co. tender of their $15,000.00 policy limits to the injured party.

The company's action in this matter should not be construed by any party as a waiver of any rights or defenses the company has under the policy of insurance. The company reserves its rights to assert any rights or declinations of coverage (known or unknown) it may have under the policy of insurance or the laws of the State of Pennsylvania.

  Sincerely,

*KEITH WICKLUND*

Keith Wicklund
Claims Department
P:708-325-5195

*Built on experience, geared for the future*